PEOPLE ex rel. BERLIN v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

MUNICIPAL CORPORATIONS—POLICE—SUSPENSION AND REMOVAL OF POLICEMAN —GROUNDS.

A police officer, who, when on trial before the deputy police commissioner, spoke to him in an insolent manner, challenging him to remove him, was guilty of conduct unbecoming an officer, and warranting his dismissal from the force.

Hooker, J., dissenting.

Certiorari by the people, on the relation of William Berlin, Jr., to review the determination of Theodore A. Bingham, as police commissioner of the city of New York, dismissing relator from the police force. Determination confirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Louis J. Grant (Jacob Rouss, on the brief), for appellant.
James D. Bell (James W. Covert, on the brief), for respondent.

MILLER, J. The question to be determined in this case is presented by the return of the defendant to a writ of certiorari by which the relator seeks to review his dismissal from the police force. The relator was charged with conduct unbecoming an officer; the specification being that, while on trial before the second deputy police commissioner, he spoke in an insolent and defiant manner to him, saying, "Why don't you dismiss me now?" The testimony shows that at the conclusion of said trial the deputy commissioner said to the relator, "You are fined 30 days' pay; I ought to recommend your dismissal," to which he replied in the language and manner alleged. On the trial now being reviewed the relator did not deny making said remark, but denied making it in an insolent manner, and asserted that he merely intended to signify his submission to the ruling of said deputy. He also asserted that he was treated very unjustly by said deputy, both before and during said trial, and it is not difficult to picture his attitude and manner toward that officer. The charge of having spoken in

an insolent manner to his superior is clearly proven, and the question is presented whether that amounted to conduct unbecoming an officer.

The relator contends that no offense warranting his removal was charged or proved, and that the use of the harmless language attributed to him did not constitute an offense; but the offense consists of the manner, as well as the words. Innocent words may be used to express contempt. The relator challenged his superior to remove him. For that act of insubordination he has been tried on a formal charge, convicted, and dismissed; and he now resorts to a court review, reliance upon which may have led him to entertain and freely express contempt for authority in his department. The statute requires us to review the proceeding resulting in the relator's dismissal, and to determine whether it was conducted according to law, and whether the finding of the police commissioner is supported by the evidence; but we have nothing to do with the punishment inflicted, nor should we interfere with the judgment of the commissioner as to what acts constitute conduct unbecoming an officer, further than to see that the conduct proven fairly required the exercise of his judgment. While the general charge is flexible, and properly so, a specific act was alleged and proved; and we need only to determine that that act was of such a character as justified the commissioner in deciding that it came within the definition of the charge of conduct unbecoming an officer. Surely any act subversive of discipline is unbecoming an officer, and nothing can be more so than insolent and disrespectful conduct. The officer who has to maintain discipline knows best what will tend to subvert it, and within reasonable limits his judgment on that question should be conclusive. He might be able to maintain discipline more effectively if the men under him better understood that the law allows him reasonable latitude in dealing with them, and that the courts will sustain him whenever he acts upon sufficient evidence and observes the requirements of the statute.

The determination should be confirmed.

Determination confirmed, with costs. All concur, except HOOKER, J., who dissents.